304

hicle upon a public highway without a "drivers license" was held insufficient to charge an offense since a drivers license is not known to the law.

In Barber v. State, 149 Tex.Cr.R. 18, 191 S.W.2d 879, a complaint charging the operation of an automobile and failure to display operator's license on demand of a peace officer was held insufficient to charge an offense in the absence of an allegation that accused was, on the date of the alleged offense, a licensee.

The information being insufficient to charge an offense, the judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the Court.

George P. Blackburn, State's Atty., of Austin, for the State.

GRAVES, Justice.

The conviction is for unlawfully operating a motor vehicle upon a public highway while under the influence of intoxicating liquor. The punishment assessed is a fine of $100 and confinement in the county jail for ten days.

The complaint and information, as well as all other matters of procedure, appear to be regular. The record is before this court without a statement of facts or bills of exception; hence no question is presented for review.

The judgment of the trial court is affirmed.

## HUGHLETT v. STATE.

No. 25234.

Court of Criminal Appeals of Texas.

March 7, 1951.

No attorney, for appellant.

